IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAMON EVERLY,              )
                           )
           Plaintiff,      )
                           )
     v.                    ) Civil Action No. 10-1028
                           )
MICHAEL J. ASTRUE,         )
COMMISSIONER OF            )
SOCIAL SECURITY,           )
                           )
           Defendant.      )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 14th day of September, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his applications for DIB and SSI on February 21, 2008, alleging a disability onset date of April 6, 2007, due to diabetes, hepatomegaly, chronic obstructive pulmonary disease (COPD), history of left rotator cuff repair, depression and sociopathy. Plaintiff's applications were denied initially. At plaintiff's request, an ALJ held a hearing on November 23, 2009, at which plaintiff, represented by counsel, appeared and testified. On December 17, 2009, the ALJ issued a decision finding plaintiff not disabled. On June 14, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 50 years old at the time of the ALJ's decision and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d) and 416.963(d). Plaintiff has a high school education and has past relevant work experience as a painter, construction worker, barge worker and security guard, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of type II diabetes mellitus, hepatomegaly, COPD, and a history of left rotator cuff repair, those impairments, alone or in combination, do not meet or medically equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P. The ALJ also determined that plaintiff's diagnosed mental impairments are not severe.

The ALJ found that plaintiff retains the residual functional capacity to perform light work but with certain physical and environmental restrictions accounting for the limiting effects of his impairments. (R. 14). Relying on the testimony of a vocational expert, the ALJ concluded that plaintiff retains the residual functional capacity to perform jobs existing in significant numbers in the national economy, including ticket taker, ticket seller and cashier. Accordingly, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but

AO 72
(Rev. 8/82)

cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[1] 20 C.F.R. §§404.1520 and 416.920; <u>Newell v. Commissioner of Social Security</u>, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. <u>Id.</u>; <u>see</u> <u>Barnhart v. Thomas</u>, 124 S.Ct. 376 (2003).

Here, plaintiff raises two challenges to the ALJ's findings: (1) the ALJ erred at step 2 in finding that plaintiff has no severe mental impairments; and, (2) the ALJ's residual functional capacity finding and hypothetical to the vocational expert failed to account for all of plaintiff's impairments. The court is satisfied that all of the ALJ's findings are supported by

---

[1] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. <u>See</u> also <u>Newell</u>, 347 F.3d at 545-46. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. <u>Plummer</u>, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

AO 72
(Rev. 8/82)

substantial evidence.

Plaintiff's primary challenge is to the ALJ's step 2 finding that plaintiff does not have a severe mental impairment. He contends that the ALJ failed to consider evidence in the record which would support a finding that plaintiff's diagnosed conditions of depression and sociopathy result in more than a minimal impairment in his ability to perform basic work activities and therefore are severe under the regulations.

At step two, the ALJ must determine whether a claimant's impairments are severe as defined by the Act. 20 C.F.R. §§404.1520 and 416.920. "[An] impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§404.1520(a) and 416.920(a). The step two inquiry is a *de minimus* screening device and, if the evidence presents more than a slight abnormality, the step two requirement of severity is met and the sequential evaluation process should continue. Newell, 347 F.3d at 546.

The plaintiff bears the burden at step 2 of establishing that an impairment is severe. See, McCrea v. Commissioner of Social Security, 370 F.3d 357, 360 (3rd Cir. 2004). Moreover, the mere diagnosis of a condition is insufficient in and of itself to establish that the condition is severe or disabling, as it is well settled that disability is not determined merely by the presence of a diagnosed impairment, but by the effect that the impairment has upon the individual's ability to perform basic work activities

AO 72
(Rev. 8/82)

and to engage in substantial gainful activity. See Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).

Thus, plaintiff's burden at step 2 was to show not only that he has been diagnosed with depression and sociopathy, but also that those diagnosed impairments result in more than a *de minimus* effect on his ability to perform basic work activity. Substantial evidence supports the ALJ's determination that this burden was not met in this case.

Although "[r]easonable doubts on severity are to be resolved in favor of the claimant," Newell, 347 F.3d at 547, there is little doubt in this case that plaintiff's depression and sociopathy, at most, have a *de minimus* effect on plaintiff's ability to perform basic work activities and, therefore, are not severe impairments.

The ALJ adequately addressed the relevant evidence relating to plaintiff's mental impairments and explained why those impairments are not severe. (R. 11-12). The court is satisfied that this finding is supported by substantial evidence as outlined in the decision. Specifically, the ALJ observed that although Dr. Wayne, a consultative psychiatrist, had diagnosed depression and sociopathy, (R. 260), he also noted that plaintiff had reported no previous psychiatric hospitalization for depression and that he had only been treated with Zoloft once. Moreover, Dr. Wayne's mental status examination showed plaintiff to be alert, oriented and cooperative, and that he was not suicidal or homicidal. (R. 260-61). Plaintiff was prescribed a three-month supply of Zoloft

and was advised to return in three months for a follow-up evaluation. (R. 12). Importantly, Dr. Wayne's evaluation does not suggest any limitations on plaintiff's ability to perform basic work activities arising from plaintiff's diagnosed mental conditions.

In addition to Dr. Wayne's relatively benign findings, the ALJ noted that the state agency psychologist found insufficient evidence of any mental impairment at all. (R. 246). In light of the record evidence, which also showed no history of inpatient psychiatric hospitalization or any ongoing professional mental health treatment, the ALJ properly concluded that plaintiff does not have a severe mental impairment.

Despite the foregoing evidence, plaintiff contends that a remand nevertheless is necessary in this case because the ALJ failed to mention or address in his decision a GAF rating[2] of 50 assigned to plaintiff by Dr. Wayne in his evaluation report. While it is true that the ALJ did not specifically refer to plaintiff's GAF rating when analyzing Dr. Wayne's report, the court is satisfied that the GAF score has no bearing on the ALJ's step 2 finding.

First, the use of the GAF scale is not endorsed by the Social

---

[2] The GAF score considers psychological, social and occupational functioning on a hypothetical continuum of mental health. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (4th ed. 1994). A GAF rating of 41-50 is meant to indicate "serious" symptoms or "serious" impairment in social and occupational functioning. A rating of 51 to 60 is meant to indicate "moderate" symptoms or "moderate" difficulty in social or occupational functioning. Id.

Security Administration because its scores do not have any direct correlation to the disability requirements and standards of the Act. See 65 Fed.Reg. 50746, 50764-65 (2000). Instead, as with any other clinical findings contained in narrative reports of medical sources, the ALJ is to consider and weigh those findings under the standards set forth in the regulations for evaluating medical opinion evidence. 20 C.F.R. §§404.1527(d) and 416.927(d).

Here, the ALJ adhered to the foregoing standards and considered Dr. Wayne's report as a whole. In addition, although a rating of 50 suggests "serious" symptoms, there was nothing else in Dr. Wayne's clinical findings or narrative reports indicating that plaintiff's symptoms, even if classified as "serious" at that specific point in time, have any effect on plaintiff's ability to perform basic work activities.

To the extent plaintiff contends that a remand is necessary because the ALJ failed to mention a psychiatric evaluation report contained in records from the Allegheny County Correctional Health Services in May of 2007, when plaintiff was incarcerated for an incident in which he pulled a knife on a business owner, the court notes that an ALJ is not required to address every piece of evidence contained in the record, but only all pertinent evidence. Burnett, 220 F.3d at 122 (ALJ is "to review all of the pertinent medical evidence, explaining any conciliations and rejections.")

Here, the report from the Allegheny County Correctional Health Services merely notes a diagnosis of depression and assigns a GAF score of 50, with no objective findings or written narrative

which might suggest any limitations affecting plaintiff's ability to perform basic work activities. As a mere diagnosis is insufficient to establish severity, and the GAF score has no correlation to the severity requirement as explained above, the report from the Allegheny County Correctional Health Services had no real bearing on the ALJ's step 2 finding. It therefore is not pertinent and the court believes that a remand for the ALJ to specifically refer to that report would be inappropriate and unnecessary.

The court has reviewed the record as a whole and is satisfied that the ALJ's step 2 finding that plaintiff's mental impairments are not severe is supported by substantial evidence.

Plaintiff's other argument is that the ALJ's finding that plaintiff's diagnosed mental impairments are not severe resulted in an incomplete residual functional capacity finding and an inaccurate hypothetical to the vocational expert. This argument is without merit.

Plaintiff has not suggested any restrictions arising from a mental impairment that the ALJ failed to account for in his residual functional capacity finding, and the record does not support any such limitations. Moreover, an ALJ is not required to submit to the vocational expert every diagnosed impairment, rather, the hypothetical posed to the vocational expert must reflect all of the claimant's impairments and limitations which are supported by the record. Johnson v. Commissioner of Social Security, 529 F.3d 198, 206 (3d. Cir. 2008).

Here, the ALJ's residual functional capacity finding and hypothetical question to the vocational expert in fact did account for all of plaintiff's impairments and limitations <u>supported by the record</u>. The court is satisfied that the ALJ's residual functional capacity finding, and the ALJ's hypothetical to the vocational expert based on that finding, sufficiently account for all of plaintiff's limitations supported by the record.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Lindsay Fulton Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

Albert Schollaert
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219